**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 08 C 3065 |
| v. ) ) | Judge Gottschall |
| ) | Magistrate Judge Schenkier |
| SMELTZER ENTERPRISES INCORPORATED d/b/a WHITE TOWER INDUSTRIAL LAUNDRY & CLEANERS, a Michigan corporation, ) ) ) ) ) | |
| Defendant. ) ) | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Central States Southeast and Southwest Areas Pension Fund ("Pension Fund") and

Howard McDougall, trustee, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure,

hereby move this court for entry of a default judgment against Defendant Smeltzer

Enterprises Incorporated d/b/a White Tower Industrial Laundry & Cleaners, a Michigan

corporation ("White Tower").  In support of this  motion, the Plaintiffs state as follows:

1.      On May 28, 2008, Plaintiffs filed a Complaint against Defendant in

accordance with the provisions of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Act

Amendments of 1980, to recover delinquent employer contributions due and owing to the

Pension Fund by Defendant as well as interest, liquidated damages, and attorneys' fees

and costs.

2.　　This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District. 29 U.S.C. § 1132(e)(1) and (e)(2). (Affidavit of Juan J. Beaton¶¶4-5 ("Beaton Affidavit") attached hereto as Exhibit A and incorporated herein by reference.)

3.　　On June 4, 2008, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant pursuant to Federal Rules of Civil Procedure 4(c) and 4(h).  See Affidavit of Service filed on June 19, 2008, attached hereto as Exhibit C.

4.　　The time for Defendant to appear, plead, or otherwise defend has expired and Defendant has failed to appear, plead, or otherwise defend in this action.

5.　　Defendant's counsel informed the Pension Fund that White Tower ceased doing business on May 23, 2008.

6.　　The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").  (Beaton Affidavit ¶6).

7.　　The contributions received by the Pension Fund are used to provide benefits for the participants of the Pension Fund.  (Beaton Affidavit ¶6).

8.　　Defendant entered into and agreed to be bound by a collective bargaining agreement with Local Union No. 51 of the IBT covering the period June 3, 2000 through June 4, 2006, and continuing from year to year thereafter absent written notice of termination.  Pursuant to the provisions of the collective bargaining agreement, Defendant

was required to pay monthly employer contributions to the Pension Fund on behalf of certain covered employees.  (Beaton Affidavit ¶7).

9.    Defendant and Local Union No. 285, which subsequently merged into Local 51 of the IBT, executed a Participation Agreement which requires Defendant to pay contributions to the Pension Fund in accordance with the Collective Bargaining Agreement. (Beaton Affidavit ¶8).

10.    The Pension Fund has never received any written notification from Defendant concerning the termination of its obligation to make contributions to the Pension Fund, and therefore Defendant's obligation to make monthly contributions is ongoing. (Beaton Affidavit ¶9).

11.    Defendant is bound by the Pension Fund's Trust Agreement. (Beaton Affidavit ¶10).

12.    The Pension Fund relies upon employers to self-report the work history of eligible employees.  Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due.  Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.).  The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers.  Contributions for each calendar month are due 15 days after the end of the month. (Beaton Affidavit ¶11).

13.    No changes in the composition of the covered work force have been reported by White Tower for the months of January through May 2008, so the Pension Fund has billed White Tower for contributions on the covered employees for these months.(Beaton Affidavit ¶12).

14.    Defendant has not paid all employer contributions owed by Defendant to the Pension Fund for the period of January 6, 2008 through May 24, 2008 in the principal amount of $10,149.40. (Beaton Affidavit ¶13).

15.    Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

    (i)    the unpaid contributions;

    (ii)    interest on the unpaid contributions;

    (iii)    an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

    (iv)    reasonable attorneys' fees and costs.

16.    Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.  (Beaton Affidavit ¶15).

17.    Through July 24, 2008, Defendant owes the Pension Fund the total amount of $176.44 in interest on the unpaid employer contributions.  (Beaton Affidavit ¶16).

18.    Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.  (Beaton Affidavit ¶17).

19.    Defendant owes the Pension Fund the total amount of $2,029.88 in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions. (Beaton Affidavit ¶18).

20.    Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the months for which the interest is charged.  (George-Roberson Affidavit ¶20).

21.    Pursuant to the provisions of the Pension Fund's Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant is required to pay all attorneys' fees and costs incurred in connection with this case.  The attorneys' fees total $963.00 and costs total $414.00.   (See Affidavit of Laura B. Bacon attached hereto as Exhibit B and incorporated herein by reference).

**WHEREFORE**, Plaintiffs Central States Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, pray for entry of judgment by default in the total amount of $13,732.72 in favor of Plaintiffs and against Defendant Smeltzer Enterprises Incorporated d/b/a White Tower Industrial Laundry & Cleaners, a Michigan corporation as follows:

(A)     For the past due employer contributions in the amount of $10,149.40; together with interest in the amount of $176.44; liquidated damages in the amount of $2,029.88; attorneys' fees in the amount of $963.00; and costs in the amount of $414.00.

(B)     That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(C)     That this Court retain jurisdiction to enforce the provisions of its Order; and

(D)     For such other relief deemed just and proper.

Respectfully submitted,


/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
                                )   Case No. 08 C 3065
        Plaintiffs,              )
                                )   Judge Gottschall
    v.                           )
                                )   Magistrate Judge Schenkier
SMELTZER ENTERPRISES             )
INCORPORATED d/b/a WHITE TOWER   )
INDUSTRIAL LAUNDRY &             )
CLEANERS, a Michigan corporation, )
                                )
        Defendant.               )
                                )

## AFFIDAVIT OF JUAN J. BEATON

State of Illinois    )
                     ) SS
County of Cook       )

I, Juan J. Beaton, having been duly sworn on oath, depose and state as follows:

1.    I am the Division Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.    I am responsible for managing the collection of past due employer contributions owed to the Pension Fund, including past due employer contributions owed by Defendant Smeltzer Enterprises Incorporated d/b/a White Tower Industrial Laundry & Cleaners, a Michigan corporation.

F:266094 / 08111006 / 7/15/08                -1-

**Exhibit A**

3.    In the regular course of business, the Pension Fund keeps and maintains files relating to the contributions owed by Defendant to the Pension Fund. The file is under my dominion and control.

4.    On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsors of the Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

5.    The Pension Fund is a multiemployer plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

6.    The Pension Fund receives employer contributions from employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Fund.

7.    The Pension Fund's records indicate that Defendant was bound by a collective bargaining agreement entered into with Local Union No. 51 of the IBT ("Local 51"), effective from June 3, 2000 through June 4, 2006, and continuing from year to year thereafter absent a written notice of termination, under which Defendant was required to pay employer contributions to the Pension Fund on behalf of certain of its employees.

8.    Defendant also entered into a Participation Agreement with Local Union No. 285 of the IBT, which subsequently merged into Local 51, that requires Defendant to pay

**Exhibit A**

contributions to the Pension Fund. The Participation Agreement indicates the duty to contribute continues until the Pension Fund receives a written notice indicating that the duty to contribute has expired.

9.    The Pension Fund has never received any written notification from Defendant concerning the termination of its obligation to make contributions to the Pension Fund, and therefore Defendant's obligation to make monthly contributions is ongoing.

10.    Defendant is bound by the Pension Fund's Trust Agreement.

11.    The Pension Fund relies upon employers to self-report the work history of eligible employees.  Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due.  Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.).  The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers.  Contributions for each calendar month are due 15 days after the end of the month.

12.    No changes in the composition of the covered work force have been reported by White Tower for the months of January through May 2008, so the Pension Fund has billed White Tower for contributions on the covered employees for these months.

13.    Defendant has not paid all employer contributions owed by Defendant to the Pension Fund for the period of January 6, 2008 through May 24, 2008 in the principal amount of $10,149.40.  A true and genuine copy of the Pension Fund's Member

**Exhibit A**

Contribution Report for Defendant for this period and the Pension Fund's Breakdown of Contributions Outstanding for Defendant are attached hereto as Exhibit 1 and are incorporated herein by reference.

14.     The Pension Fund is entitled to the following relief when prevailing in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

> (i)     the unpaid contributions;
> (ii)    interest on the unpaid contributions;
> (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
> (iv)    reasonable attorney's fees and costs.

15.     Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

16.     Through July 24, 2008, Defendant owes interest on the unpaid employer contributions in the total amount of $176.44 to the Pension Fund.

17.     Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

18.     Defendant owes liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions in the total amount of $2,029.88 to the Pension Fund.

**Exhibit A**

19.     As a result of Defendant's failure to pay all of the contributions owed by Defendant to the Pension Fund, Defendant is indebted in the total amount of $12,355.72 to the Pension Fund, exclusive of attorney's fees and costs.

20.     Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

**FURTHER AFFIANT SAYETH NOT.**

Juan J. Beaton

Subscribed and sworn to before
me, a Notary Public, this  15th
day of July, 2008.

Notary Public

Official Seal
Connie Boven
Notary Public State of Illinois
My Commission Expires 08/10/2011

F:266094 / 08111006 / 7/15/08                    -5-

**Exhibit A**

# Exhibit 1

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
**PENSION FUND**

BREAKDOWN OF CONTRIBUTIONS OUTSTANDING
**AS OF JULY 8, 2008**

**WHITE TOWER LNDRY & CLNR.**
ACCOUNT NO.8551810-0101

| TRANS. NO | DESCRIPTION | AMOUNT | INT. THRU 07/24/2008 | PAYMENTS APPLIED | DATE POSTED | BALANCE DUE |
|---|---|---|---|---|---|---|
| 1676968 | 01/2008 Billing * | $1,488.00 | $42.87 | $0.00 | | 1,530.87 |
| 1705009 | 02/2008 Billing | $1,984.00 | $49.43 | $0.00 | | 2,033.43 |
| 1720394 | 03/2008 Billing | $2,480.00 | $45.84 | $0.00 | | 2,525.84 |
| 1736788 | 04/2008 Billing | $1,984.00 | $24.70 | $0.00 | | 2,008.70 |
| 1751298 | 05/2008 Billing * | $2,213.40 | $13.60 | $0.00 | | 2,227.00 |
| TOTALS | | $10,149.40 | $176.44 | $0.00 | | $10,325.84 |

FOOTNOTES:
*Beginning 01/06/2008 as first week (12/30/07-01/05/08) was included in prior judgment.  Employer ceased operations on May 23, 2008.

Interest thru 07/24/2008
computed on individual items
from date due.

(A)  Doubling of interest                                                      $176.44

(B)  Liquidated damages, based on the unpaid
       contributions in the amount of 20%                      $2,029.88

# MEMBER CONTRIBUTION REPORT
## MEMBER INFORMATION

Employer : SMELTZER ENTERPRISES INC
Period Start : 01/06/2008  -  Period Stop : 06/24/2008
Sorted by : Terminal - Member Name

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**CONDON, D** — SSN: 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 — ETLC No. 8551810 - 0101 - 00051A — Employee Type: Regular

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/30 | 01/27 ACT 1 | 02/24 ACT 1 | 03/30 ACT 1 | 04/27 ACT 1 | 06/01 | 06/29 | 07/27 | 08/31 | 09/28 | 10/26 | 11/30 |
| | 01/06 ACT 1 | 02/03 ACT 1 | 03/02 ACT 1 | 04/06 ACT 1 | 05/04 ACT 1 | 06/08 | 07/06 | 08/03 | 09/07 | 10/05 | 11/02 | 12/07 |
| | 01/13 ACT 1 | 02/10 ACT 1 | 03/09 ACT 1 | 04/13 ACT 1 | 05/11 ACT 1 | 06/15 | 07/13 | 08/10 | 09/14 | 10/12 | 11/09 | 12/14 |
| | 01/20 ACT 1 | 02/17 ACT 1 | 03/16 ACT 1 | 04/20 ACT 1 | 05/18 ACT 1 | 06/22 | 07/20 | 08/17 | 09/21 | 10/19 | 11/16 | 12/21 |
| | | | 03/23 ACT 1 | | 05/25 | | | 08/24 | | | 11/23 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $372.00 | $496.00 | $620.00 | $496.00 | $520.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Year: 2008    H&W    $0.00    PEN    Weeks: 20    $2504.80

**GYE, GORDON** — SSN: 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 — ETLC No. 8551810 - 0101 - 00051A — Employee Type: Regular

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/30 | 01/27 ACT 1 | 02/24 ACT 1 | 03/30 ACT 1 | 04/27 ACT 1 | 06/01 | 06/29 | 07/27 | 08/31 | 09/28 | 10/26 | 11/30 |
| | 01/06 ACT 1 | 02/03 ACT 1 | 03/02 ACT 1 | 04/06 ACT 1 | 05/04 ACT 1 | 06/08 | 07/06 | 08/03 | 09/07 | 10/05 | 11/02 | 12/07 |
| | 01/13 ACT 1 | 02/10 ACT 1 | 03/09 ACT 1 | 04/13 ACT 1 | 05/11 ACT 1 | 06/15 | 07/13 | 08/10 | 09/14 | 10/12 | 11/09 | 12/14 |
| | 01/20 ACT 1 | 02/17 ACT 1 | 03/16 ACT 1 | 04/20 ACT 1 | 05/18 ACT 1 | 06/22 | 07/20 | 08/17 | 09/21 | 10/19 | 11/16 | 12/21 |
| | | | 03/23 ACT 1 | | 05/25 | | | 08/24 | | | 11/23 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $372.00 | $496.00 | $620.00 | $496.00 | $520.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Year: 2008    H&W    $0.00    PEN    Weeks: 20    $2504.80

**LEIGHT, JOHN, M** — SSN: 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 — ETLC No. 8551810 - 0101 - 00051A — Employee Type: Regular

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/30 3 | 01/27 ACT 1 | 02/24 ACT 5 | 03/30 ACT 1 | 04/27 ACT 1 | 06/01 | 06/29 | 07/27 | 08/31 | 09/28 | 10/26 | 11/30 |
| | 01/06 ACT 1 | 02/03 ACT 1 | 03/02 ACT 1 | 04/06 ACT 1 | 05/04 ACT 1 | 06/08 | 07/06 | 08/03 | 09/07 | 10/05 | 11/02 | 12/07 |
| | 01/13 ACT 1 | 02/10 ACT 1 | 03/09 ACT 1 | 04/13 ACT 1 | 05/11 ACT 1 | 06/15 | 07/13 | 08/10 | 09/14 | 10/12 | 11/09 | 12/14 |
| | 01/20 ACT 1 | 02/17 ACT 1 | 03/16 ACT 1 | 04/20 ACT 1 | 05/18 ACT 1 | 06/22 | 07/20 | 08/17 | 09/21 | 10/19 | 11/16 | 12/21 |
| | | | 03/23 ACT 1 | | 05/25 | | | 08/24 | | | 11/23 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $372.00 | $496.00 | $620.00 | $496.00 | $520.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Year: 2008    H&W    $0.00    PEN    Weeks: 20    $2504.80

**WIECZORKOWSKI, ROBERT, S** — SSN: 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 — Employee Type: Regular

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/30 | 01/27 ACT 1 | 02/24 ACT 1 | 03/30 ACT 1 | 04/27 ACT 1 | 06/01 | 06/29 | 07/27 | 08/31 | 09/28 | 10/26 | 11/30 |
| | 01/06 ACT 1 | 02/03 ACT 1 | 03/02 ACT 1 | 04/06 ACT 1 | 05/04 ACT 1 | 06/08 | 07/06 | 08/03 | 09/07 | 10/05 | 11/02 | 12/07 |
| | 01/13 ACT 1 | 02/10 ACT 1 | 03/09 ACT 1 | 04/13 ACT 1 | 05/11 ACT 1 | 06/15 | 07/13 | 08/10 | 09/14 | 10/12 | 11/09 | 12/14 |
| | 01/20 ACT 1 | 02/17 ACT 1 | 03/16 ACT 1 | 04/20 ACT 1 | 05/18 ACT 1 | 06/22 | 07/20 | 08/17 | 09/21 | 10/19 | 11/16 | 12/21 |
| | | | 03/23 ACT | | 05/25 | | | 08/24 | | | 11/23 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $496.00 | $520.00 | $496.00 | $520.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Year: 2008    H&W    $0.00    PEN    Weeks: 20    $2504.80

**Report totals:**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $1168.00 | $1984.00 | $2480.00 | $1984.00 | $2083.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 3065 |
| v. | ) ) ) | Judge Gottschall |
| SMELTZER ENTERPRISES INCORPORATED d/b/a WHITE TOWER INDUSTRIAL LAUNDRY & CLEANERS, a Michigan corporation, | ) ) ) ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) ) | |

## AFFIDAVIT OF LAURA B. BACON

| | |
|---|---|
| State of Illinois | ) |
| | )   SS: |
| County of Cook | ) |

I, Laura B. Bacon, having been fully sworn upon my oath, depose and state as follows:

1.    I am an attorney employed by Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund").

2.    I was admitted to the bar of the State of Illinois in 2006 and to the bar of the United States District Court for the Northern District of Illinois in 2007.

3.    I have personal knowledge with respect to the matters set forth in this Affidavit and am familiar with the above-captioned litigation.

**Exhibit A**

4.     I have reviewed the Pension Fund's billing records and have determined that the work performed in connection with this case was performed by myself ("LBB"), Albert M. Madden ("AMM"), supervising attorney, and George O. Hansen ("GOH"), senior paralegal.

5.     Copies of the billing records generated in this matter and reflecting the work performed, and the expenses incurred, are attached hereto as Exhibit 1.

6.     I believe that a reasonable rate per hour for the aforementioned legal services is $135.00 for work performed by myself. I believe that a reasonable rate per hour for the aforementioned services performed by Albert M. Madden is $250.00 and that a reasonable rate per hour for the services performed by George O. Hansen is $105.00.

7.     On that basis, the total amount of legal fees incurred in this matter is $963.00 (5.8 hours x $135 per hour for myself, 0.3 hours x $250 per hour for Albert M. Madden, and 1.0 hours x $105 per hour for George O. Hansen).

8.     The Pension Fund has also incurred costs in the amount of $414.00 in connection with this litigation.

9.     Consequently, the total amount of attorney's fees and costs owed is $1,377.00.

F:266097 / 08111006 / 6/27/08                    -2-

**Exhibit A**

10.    I believe that the aforementioned court costs and attorney's fees were necessarily incurred and are reasonable in amount.

**FURTHER AFFIANT SAYETH NAUGHT**

Laura B. Bacon

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this ___14th___ day of July, 2008.

Notary Public

> Official Seal
> Connie Boven
> Notary Public State of Illinois
> My Commission Expires 08/10/2011

**Exhibit A**

# Exhibit 1

**Central States Funds**
**9377 West Higgins Road**
**Rosemont, Illinois  60018**

June 26, 2008

Case Name:**White Tower Laundry & Cleaners Inc. III**
Control No: **08111006**
Case Type: **CONTRIB**
Allocation:  **2**

## Description of Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 5/20/2008 | LBB | Draft complaint; email correspondence to Leda Doherty regarding oustanding balance | 1.50 | 202.50 |
| 5/21/2008 | LBB | Complete draft of complaint | 0.30 | 40.50 |
| 5/22/2008 | AMM | Review Complaint. | 0.30 | 75.00 |
| 5/29/2008 | GOH | Correspondence Elite Process to have summons and complaint served. | 1.00 | 105.00 |
| 6/9/2008 | LBB | Phone conference with opposing counsel regarding company going out of business; email correspondence with JoEvelyn regarding same; call to court to reset status | 1.00 | 135.00 |
| 6/25/2008 | LBB | Draft Motion for Default Judgment | 3.00 | 405.00 |

| **Total Fees** |  |  | **7.10** | **$963.00** |

**White Tower Laundry & Cleaners Inc. III**
**08111006**
**CONTRIB**
**2**

June 26, 2008
Page 2

## Expenses

| | | Amount |
|---|---|---|
| 5/28/2008 | Filing of complaint. | 350.00 |
| 6/9/2008 | Service upon J. Laevin Weiner | 64.00 |
| | **Total Expenses** | **$414.00** |
| | **Total amount of this bill** | **$1,377.00** |

# Exhibit C

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Central States, Southeast and Southwest Areas
Pension Fund, and Howard McDougall, trustee

CASE NUMBER:

V.

ASSIGNED JUDGE:

Smeltzer Enterprises Incorporated d/b/a White
Tower Industrial Laundry and Cleaners, a
Michigan corporation

DESIGNATED
MAGISTRATE JUDGE:

08CV3065

JUDGE GOTTSCHALL

MAG. JUDGE SCHENKIER

TO: (Name and address of Defendant)

Smeltzer Enterprises Incorporated
c/o J. Laevin Weiner, Registered Agent
5435 Corporate Drive, Suite 225
Troy, Michigan 48098

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Laura B. Bacon
Central States Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800 ex. 3704

an answer to the complaint which is herewith served upon you, within    20    days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

Michael W. Dobbins, Clerk

(signature)

(By) DEPUTY CLERK

May 28, 2008

Date



Exhibit C

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 6-4-08 |
|---|---|
| NAME OF SERVER (PRINT)  HANA ALAZAZI | TITLE  PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Michele Seger (Legal Asst.)

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

---

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  6-4-08
                Date

Signature of Server

22670 Goddard Rd. Taylor Mi 48180
                Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Exhibit C**