MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>SMELTZER ENTERPRISES INCORPORATED d/b/a WHITE TOWER INDUSTRIAL LAUNDRY & CLEANERS, a Michigan corporation,<br><br>    Defendant. | Case No. 08 C 3065<br><br>Judge Gottschall<br><br>Magistrate Judge Schenkier |

## JUDGMENT ORDER

This matter coming before the Court on Plaintiffs' Motion for Default Judgment, and the Court having reviewed the Motion along with the supporting materials, hereby FINDS, ORDERS, and ADJUDGES as follows:

  A.  That a default judgment is entered against Defendant, Smeltzer Enterprises Incorporated d/b/a White Tower Industrial Laundry & Cleaners, a Michigan corporation ("White Tower").

  B.  That Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, Trustee, have and recover judgment from and against Defendant in the total amount of $13,732.72. This amount consists of $10,149.40 in delinquent contributions as reported by Defendant for the period of January 6, 2008

through May 24, 2008, $176.44 in interest through July 24, 2008; $2,029.88 in liquidated damages, as allowed pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); $963.00 in attorney's fees; and $414.00 in costs for prosecuting this suit.

C. That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

D. Specifically excluded from this judgment and not barred under claim preclusion are: (i) any obligation of Defendant White Tower to pay employer contributions (or interest and statutory damages thereon) for any periods other than January 6, 2008 through May 24, 2008; and (ii) any claim for employer contributions (or interest or statutory damages thereon) for any period of time (including the period January 6, 2008 through May 24, 2008) on behalf of employees whose work history was not reported or was inaccurately reported to the Pension Fund, and (iii) any withdrawal liability.

E. That Plaintiffs are awarded execution for the collection of the judgment and cost granted.

F. That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

Enter: _____
Judge Gottschall
United States District Judge

Dated: 7-24-08

F:266101 / 08111006 / 7/15/08                    -2-